**"EXHIBIT A"**
**INDEX OF MATTERS BEING FILED**

1) <u>ALL EXECUTED PROCESS</u>

   i.   Executed Citation for Dolgencorp of Texas, Inc.

2) <u>ALL PLEADINGS AND ANSWERS TO PLEADINGS</u>

   i.   Plaintiff's Original Petition.
   ii.   Defendant Dolgencorp of Texas, Inc.'s Original Answer and Jury Demand.

3) <u>ALL ORDERS SIGNED BY THE STATE JUDGE</u>

   i.   No orders were entered.

4) <u>STATE COURT DOCKET SHEET</u>

5) <u>LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED</u>

**ATTORNEYS FOR PLAINTIFF**
BRAD ELROD
State Bar No.: 24087471
LINDSEY B. WHISENHANT
State Bar No.: 21272400
130 S. Charlton Street
Woodville, TX 75979
Telephone: 409-283-8288
Facsimile: 409-283-8078
Email: lbw@hotmail.com

**ATTORNEYS FOR DEFENDANT**
GINA A. LUCERO
State Bar No.: 00791144
**Attorney-In-Charge**
STEFAN A. GINNARD
State Bar No.: 24086440
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

SERVICE COPY

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF |
|---|---|
| PAMELA RENEE CREWS, DISTRICT CLERK | BRAD ELROD |
| 100 WEST BLUFF, ROOM 203 | 130 S. CHARLTON ST. |
| WOODVILLE, TEXAS 75979 | WOODVILLE, TEXAS 75979 |

### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."."

To: **Dolgencorp of Texas, INC**
**DBA Dollar General Stores**
**C/O Registered Agent**
**Corporation Services Corporation Service Company d/b/a CSC-Lawyers Incorporating Service**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701-3218**

Greetings: You are hereby commanded to appear by filing a written answer to the **Plaintiffs' Original Petition** at or before ten o'clock A.M., of the Monday next after the expiration of twenty days, after the date of service of this citation, before the Honorable District Court of Tyler County, Texas, at the Courthouse of said County in Woodville, Texas.

Said Plaintiffs' Petition was filed in said court on the **18th day of February, A.D. 2022**, in this case, numbered **25,912** on the docket of said court, and styled:

Darlene Creamer, Plaintiff

vs.

Dolgencorp of Texas, INC DBA Dollar General Stores, Defendants

The nature of Plaintiffs' demand is fully shown by a true and correct copy of **Plaintiffs' Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Woodville, Tyler County, Texas, this the **18th day of February, A.D. 2022.**

Attest: **Pamela Renee Crews**, Clerk
**District Court**
**Tyler County Texas**

By _Kalyn Hoke_, Deputy
Kalyn Hoke

---

| ATTACH RETURN RECEIPTS | CERTIFICATE OF DELIVERY |
|---|---|
| **WITH** | **BY MAIL** |
| **ADDRESSEE'S SIGNATURE** | |

Rule 106 (a)(2) the citation shall be served by

Mailing to the defendant by Certified Mail Return

Receipt Requested, a true copy of the Citation.

Sec. 17.027 Rules of Civil Practice and Remedies

Code if not prepared by the Court.

_Kalyn Hoke_, Deputy
Kalyn Hoke

100 West Bluff, Room 203 Court House

Woodville, Texas 75979

*If not applicable so state N.A.

I hereby certify that on the **18th day of February, 2022**

at **3:00 PM**, I mailed to **All Occupants of 211 E. 7th**

**Street, Suite 620, Austin, Texas 78701-3218,** Defendant,

by registered mail or certified mail, with

delivery to addressee only return, a true copy of the

citation with a copy of the **Plaintiffs' Original Petition,**

attached thereto

**Pamela Reneé Crews, District Clerk**

**CMRRR # 7019 1120 0001 6242 9371**

2/17/2022 2:09 PM
Pamela Renee Crews, District Clerk
Tyler County, TX
By: Kalyn Hoke

NO. ___25,912___

| DARLENE CREAMER | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | TYLER COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | | |
| DBA DOLLAR GENERAL STORES | § | _____ JUDICIAL DISTRICT |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **DARLENE CREAMER** hereinafter called Plaintiff, complaining of Defendant **DOLGENCORP OF TEXAS, INC., DBA DOLLAR GENERAL STORES** hereinafter referred to as Defendant, and for cause of action would show the Court the following:

**I.**

1.    Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.**

2.    Plaintiff, **DARLENE CREAMER,** is an Individual who resident of Tyler County, Texas.

3.    The last three numbers of Darlene Creamer's driver's license number are 695.  The last three numbers of Darlene Creamer's social security number are 419.

4.    Defendant, **DOLGENCORP OF TEXAS, INC., DBA DOLLAR GENERAL STORES,** is a Foreign For-Profit Corporation doing business in Texas, and may be served through its registered agent, Corporation Service Company d/b/a CSC -Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Service of said Defendant as described above can be affected by Certified Mail, Return Receipt Requested.

**III.**

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiff seeks:

a.    monetary relief over $250,000.00 but not more than $1,000,000.00.

This court has jurisdiction over the parties because Defendant is a Texas resident.

Venue in TYLER County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

IV.

On or about August 17, 2021, during normal business hours, Plaintiff was a patron of the business premises of Dollar General in Woodville, Tyler County, Texas, owned and operated by Defendant as a department store. Plaintiff's purpose on the premises at the time was to shop as an ordinary patron. Defendant extended an open invitation to the public, including Plaintiff, to enter upon the premises. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

V.

While upon Defendant's premises, Plaintiff suffered serious and permanent bodily injuries as a result of slipping on a salad dressing bottle cap that was left on the floor in the middle of the aisle, which accident was proximately caused by that dangerous condition on the premises which Defendant, its agents, servants and employees knew or, in the exercise of ordinary care, should have known existed. Plaintiff further alleges that Defendant and Defendant's agents, servants and employees negligently caused and negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition, despite the fact that Defendant and Defendant's agents, servants and employees knew, or in the exercise of ordinary care should have known of the existence of the condition and that there was a likelihood of someone being injured as was Plaintiff.

VI.

On the occasion in question, Defendant and its agents, servants and employees who were at all times acting in the course and scope of their employment were guilty of negligence toward the Plaintiff in the following respects:

1. In failing to warn plaintiff of the salad dressing cap left on the floor.

2. In allowing the salad dressing cap to remain on the floor for an extended period of

time though Defendant knew or should have known that in doing so Defendant was creating an unreasonably dangerous condition for invitees such as Plaintiff on the premises.

    3.     In failing to maintain the aisle in a clean and safe condition.

    4.     In failing to inspect the premises in order to discover the dangerous condition described above.

    5.     In failing to remove the dangerous condition prior to Plaintiff's injury described above.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

VII.

As a direct and proximate result of the negligent conduct of Defendant, Plaintiff suffered severe bodily injuries, including a back, hip and other parts of her body generally. Some of the ill effects and injuries are permanent in nature and will abide with Plaintiff for a long time in the future, if not for her entire life. As a further result of the nature and the consequences of her injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of the Court and for which she sues.

VIII.

As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county in which such services were performed. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

IX.

It is reasonably probable that Plaintiff's physical impairment resulting from the foregoing injuries is of a lasting nature and will impair her for the balance of her life.

X.

As a proximate result of the negligence of Defendant and of Plaintiff's resulting injuries, Plaintiff's ability to administer to the needs of herself and her family and to attend to her customary household duties and occupations has been seriously impaired and, in all reasonable probability, it will continue to be so impaired far into the future, if not for the balance of her natural life, all to her damage and loss in a sum in excess of the minimum jurisdictional limits of the Court.

XI.

By incorporating the aforementioned facts and causes of actions Plaintiff has suffered damages as follows:

1.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3.  Loss of earning capacity in the past;

4.  Loss of earning capacity in the future;

5.  Physical pain and suffering in the past;

6.  Physical pain and suffering in the future;

7.  Impairment in the past;

8.  Impairment in the future;

9.  Mental anguish in the past;

10. Mental anguish in the future;

11. Household services in the past;

12. Household services in the future;

13.    Disability in past; and

14.    Disability in the future.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Darlene Creamer prays that the

Defendant be duly cited to appear and answer herein, and that upon final hearing Plaintiff have

judgment over and against the Defendant in a sum in excess of the minimum jurisdictional limits of

this Court, for prejudgment and post-judgment interest at the highest legal rate, and for such other

and further relief, both general and special, at law or in equity, to which Plaintiff may show this

Honorable Court she is justly entitled.

Respectfully submitted,

LINDSEY B. WHISENHANT LAW OFFICE, PLLC

BRAD ELROD
SBN: 24087471
LINDSEY B. WHISENHANT
SBN: 21272400
130 S. CHARLTON ST.
WOODVILLE, TEXAS 75979
409-283-8288
FAX 409-283-8078
lbwlaw@hotmail.com

ATTORNEY FOR PLAINTIFF
PLAINTIFF

FILED
3/21/2022 11:05 AM
Pamela Renee Crews, District Clerk
**Tyler County, TX**
By: Debbie Hughes

CAUSE NO. 25,912

| | | |
|---|---|---|
| DARLENE CREAMER | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | TYLER COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| (D/B/A DOLLAR GENERAL) | § | JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Defendant DOLGENCORP OF TEXAS, INC., files this Original Answer to the Plaintiff's Original Petition and would respectfully show the Court the following:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all allegations contained in the *Plaintiff's Original Petition*, and in any amended or supplemental petitions which may be filed by Plaintiff after this date, and respectfully request that Plaintiff be required to prove her allegations against Defendant by a preponderance of the evidence.

2.      Defendant respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

3.      Defendant asserts by way of affirmative defense that at the time, and on the occasion in question, Plaintiff Darlene Creamer ("Plaintiff") failed to exercise the degree of care which an ordinary person would have exercised under same or similar circumstances and that such negligence was the sole proximate cause of Plaintiff's injuries and damages, if any. In the alternative, if Plaintiff's negligence was not the sole proximate cause of Plaintiff's injuries and

1

damages, then it was at least fifty-one percent (51%) of the cause of the alleged injuries and damages, if any.

4.      Answering further, Defendant asserts that the injuries of which Plaintiff complains may have pre-existed and/or occurred after the incident made the basis of this suit and to the extent Plaintiff failed to follow advice or treatment recommendations of her providers or failed to seek reasonable costs associated with her care, then Defendant asserts she failed to mitigate her damages.

## RIGHT TO CREDIT/PROPORTIONATE RESPONSIBILITY

5.      Answering further, without waiving the foregoing, Defendant asserts entitlement to reduce the amount of damages to be recovered by the claimant to the fullest extent allowed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code and Defendant asserts its right to have each claimant, settling person and responsible third party submitted to the jury to determine percentages of responsibility for those causing or contributing to the damages sought.

## DEFENSES TO ECONOMIC DAMAGES

6.      Answering further, without waiving the foregoing, Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded, if claimed, and limits recovery of medical expenses to the amount actually paid by or on behalf of the Plaintiff. Section 41.0105 not only limits the Plaintiff's recovery but also precludes evidence of expenses that neither the Plaintiff nor anyone acting on her behalf paid or are actually liable for paying. *Aaron Glenn Haygood v. Margarita Garza De Escabedo*, Dkt. 09-0377, (Tex. July 1, 2011), *affirming De Escabedo v. Haygood*, 283 S.W.3d 3 (Tex. App.—Tyler 2009).

2

7.      Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity, if made, to net loss after federal income tax. TEX. CIV. PRAC. & REM. CODE ANN. §18.091.

## DENIAL OF CONDITIONS PRECEDENT

8.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

9.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

10.     Defendant respectfully demands a jury trial of all issues in this cause pursuant to Tex. R. Civ. P. 216. Defendant hereby tenders the appropriate fee to the clerk of the court.

## PRAYER

WHEREFORE, Defendant, DOLGENCORP OF TEXAS, INC., prays that:

a.      Plaintiff takes nothing by this suit and Plaintiff be discharged with her costs;

b.      On final hearing of Plaintiff's claims, the claims against Defendant be dismissed with prejudice; and

c.      Defendant recovers all costs, together with such other relief, both general and special, to which he may be justly entitled.

Envelope: 62780844

Respectfully submitted,

**LUCERO │ WOLLAM, P.L.L.C.**

GINA A. LUCERO
TBN: 00791144
STEFAN A. GINNARD
TBN: 24086440
1776 Yorktown St Ste 100
Houston, TX 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com
Email: sginnard@lucerowollam.com

**ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2022, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

***Via Electronic Service:***
Brad Elrod
Lindsey B. Whisenhant
Lindsey B. Whisenhant Law Office, PLLC
130 S. Charlton Street
Woodville, TX 75979

GINA A. LUCERO

4

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marisol Granados on behalf of GINA LUCERO
Bar No. 00791144
mgranados@lucerowollam.com
Envelope ID: 62780844
Status as of 3/21/2022 1:53 PM CST

Associated Case Party: Darlene Creamer

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brad Elrod | | lbwlaw@hotmail.com | 3/21/2022 11:05:59 AM | SENT |

Associated Case Party: DOLGENCORP of Texas Inc. d/b/a Dollar General Stores

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gina A.Lucero | | glucero@lucerowollam.com | 3/21/2022 11:05:59 AM | SENT |
| Marisol Granados | | mgranados@lucerowollam.com | 3/21/2022 11:05:59 AM | SENT |
| Stefan A.Ginnard | | sginnard@lucerowollam.com | 3/21/2022 11:05:59 AM | SENT |

# Case Information

## Darlene Creamer vs. DOLGENCORP of Texas Inc. d/b/a Dollar General Stores

25,912

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Tyler County - District Clerk | Civil - Injury or Damage | Premises | 2/17/2022 |

## Parties [2]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Darlene Creamer | Brad Elrod |
| Defendant | DOLGENCORP of Texas Inc. d/b/a Dollar General Stores | |

## Events [3]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 2/17/2022 | Filing | Petition | Plaintiff's Original Petition | Plaintiff's Original Petition.pdf |
| 2/17/2022 | Filing | Petition | Letter to Clerk on Petition | Letter to Clerk with Original Petition.pdf |
| 3/21/2022 | Filing | No Fee Documents | Defendant's Original Answer and Jury Demand | 22.03.18 - Defendant's Original Answer & Jury Demand.pdf |

© 2022 Tyler Technologies, Inc. | All Rights Reserved

Version: 2022.2.0.10061

