

FILED
2/17/2022 2:09 PM
Pamela Renee Crews, District Clerk
Tyler County, TX
By: Kalyn Hoke

NO. 25,912

| | | |
|---|---|---|
| **DARLENE CREAMER** | § | IN THE DISTRICT COURT OF |
| | § | |
| **VS.** | § | TYLER COUNTY, TEXAS |
| | § | |
| **DOLGENCORP OF TEXAS, INC.** | | |
| **DBA DOLLAR GENERAL STORES** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW, DARLENE CREAMER** hereinafter called Plaintiff, complaining of Defendant **DOLGENCORP OF TEXAS, INC., DBA DOLLAR GENERAL STORES** hereinafter referred to as Defendant, and for cause of action would show the Court the following:

**I.**

1.     Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.**

2.     Plaintiff, **DARLENE CREAMER,** is an Individual who resident of Tyler County, Texas.

3.     The last three numbers of Darlene Creamer's driver's license number are 695. The last three numbers of Darlene Creamer's social security number are 419.

4.     Defendant, **DOLGENCORP OF TEXAS, INC., DBA DOLLAR GENERAL STORES,** is a Foreign For-Profit Corporation doing business in Texas, and may be served through its registered agent, Corporation Service Company d/b/a CSC -Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Service of said Defendant as described above can be affected by Certified Mail, Return Receipt Requested.

**III.**

The subject matter in controversy is within the jurisdictional limits of this court.

    Plaintiff seeks:

    a.    monetary relief over $250,000.00 but not more than $1,000,000.00.

This court has jurisdiction over the parties because Defendant is a Texas resident.

Venue in TYLER County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.

On or about August 17, 2021, during normal business hours, Plaintiff was a patron of the business premises of Dollar General in Woodville, Tyler County, Texas, owned and operated by Defendant as a department store. Plaintiff's purpose on the premises at the time was to shop as an ordinary patron. Defendant extended an open invitation to the public, including Plaintiff, to enter upon the premises. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

### V.

While upon Defendant's premises, Plaintiff suffered serious and permanent bodily injuries as a result of slipping on a salad dressing bottle cap that was left on the floor in the middle of the aisle, which accident was proximately caused by that dangerous condition on the premises which Defendant, its agents, servants and employees knew or, in the exercise of ordinary care, should have known existed. Plaintiff further alleges that Defendant and Defendant's agents, servants and employees negligently caused and negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition, despite the fact that Defendant and Defendant's agents, servants and employees knew, or in the exercise of ordinary care should have known of the existence of the condition and that there was a likelihood of someone being injured as was Plaintiff.

### VI.

On the occasion in question, Defendant and its agents, servants and employees who were at all times acting in the course and scope of their employment were guilty of negligence toward the Plaintiff in the following respects:

1. In failing to warn plaintiff of the salad dressing cap left on the floor.

2. In allowing the salad dressing cap to remain on the floor for an extended period of

time though Defendant knew or should have known that in doing so Defendant was creating an unreasonably dangerous condition for invitees such as Plaintiff on the premises.

3. In failing to maintain the aisle in a clean and safe condition.

4. In failing to inspect the premises in order to discover the dangerous condition described above.

5. In failing to remove the dangerous condition prior to Plaintiff's injury described above.

Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

VII.

As a direct and proximate result of the negligent conduct of Defendant, Plaintiff suffered severe bodily injuries, including a back, hip and other parts of her body generally. Some of the ill effects and injuries are permanent in nature and will abide with Plaintiff for a long time in the future, if not for her entire life. As a further result of the nature and the consequences of her injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of the Court and for which she sues.

VIII.

As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county in which such services were performed. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

IX.

It is reasonably probable that Plaintiff's physical impairment resulting from the foregoing injuries is of a lasting nature and will impair her for the balance of her life.

X.

As a proximate result of the negligence of Defendant and of Plaintiff's resulting injuries, Plaintiff's ability to administer to the needs of herself and her family and to attend to her customary household duties and occupations has been seriously impaired and, in all reasonable probability, it will continue to be so impaired far into the future, if not for the balance of her natural life, all to her damage and loss in a sum in excess of the minimum jurisdictional limits of the Court.

XI.

By incorporating the aforementioned facts and causes of actions Plaintiff has suffered damages as follows:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Loss of earning capacity in the past;

4. Loss of earning capacity in the future;

5. Physical pain and suffering in the past;

6. Physical pain and suffering in the future;

7. Impairment in the past;

8. Impairment in the future;

9. Mental anguish in the past;

10. Mental anguish in the future;

11. Household services in the past;

12. Household services in the future;

13. Disability in past; and

14. Disability in the future.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Darlene Creamer prays that the Defendant be duly cited to appear and answer herein, and that upon final hearing Plaintiff have judgment over and against the Defendant in a sum in excess of the minimum jurisdictional limits of this Court, for prejudgment and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show this Honorable Court she is justly entitled.

Respectfully submitted,

LINDSEY B. WHISENHANT LAW OFFICE, PLLC

_____
BRAD ELROD
SBN: 24087471
LINDSEY B. WHISENHANT
SBN: 21272400
130 S. CHARLTON ST.
WOODVILLE, TEXAS 75979
409-283-8288
FAX 409-283-8078
lbwlaw@hotmail.com

ATTORNEY FOR PLAINTIFF
PLAINTIFF